# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4443

———————

| | | |
|---|---|---|
| JacQaus L. Martin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Scott E. Hayne; Matthew R. Zier; | * | District of Nebraska. |
| Scott Wayman; Raymond J. Edleman; | * | |
| David Boli; Ortha Lee Serrell; | * | [UNPUBLISHED] |
| Michael Kenny; Nebraska Department | * | |
| of Correctional Services, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: March 7, 2007
Filed: March 20, 2007

———————

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

———————

PER CURIAM.

In this prisoner civil rights matter, Jacqaus L. Martin appeals the district court's[1] adverse grant of summary judgment as to certain claims, and its subsequent adverse grant of judgment on the remaining claims following a bench trial. Martin's lawsuit arose from a strip search in May 2000, which he claimed was done without

———————

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

probable cause and in retaliation for his exercise of his First Amendment rights, and he also claimed that the search constituted a sexual assault. Having carefully reviewed the record, we find--and Martin has provided--no basis for reversal.

We note that Martin has been previously determined to have three strikes under 28 U.S.C. § 1915(g), see Martin v. Neb. Dep't of Corr. Servs., No. 00-2551, 2000 WL 1665076 (8th Cir. Nov. 7, 2000) (unpublished per curiam), but that he has been permitted under section 1915(g)'s imminent-danger exception to proceed in forma pauperis (IFP) in the instant lawsuit and appeal, as well as in two other lawsuits and related appeals, based on his assertions that he is at risk for sexual assaults and unwarranted strip searches. Because the record in this case and the other two shows that his assertions are baseless, we alert the district court that, in future cases making similar claims, Martin ought to be required to demonstrate that he is truly in imminent danger before being allowed to proceed IFP.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____